MARY F. LYNCH, Plaintiff, v. WILLIAM VOLCKENING and another, Defendants.

MARY F. LYNCH, Plaintiff, v. CHAS. J. VOLCKENING, Defendant.

(County Court, Kings Special Term, June, 1918.)

Liens — action to establish, against real property — contracts — title — deeds — dismissal of complaint.

Where by contracts to convey certain tenement houses, occupied by tenants, subject to. mortgages which were overdue, it was provided that the rents and interest on mortgages, if any,

should be apportioned, and neither at the time the contracts were signed nor subsequently had the mortgages been called, and no action to foreclose either of them had been commenced, neither the fact that between the date of signing the contracts and the date set for the delivery of the deeds the mortgages had been called, nor that the premises or parts thereof were subject to monthly tenancies, is sufficient to relieve the purchaser from her obligation to accept the deeds tendered and complete the contract, and her complaint in an action to establish a lien against the property for the amount paid on the contract and for expenses incurred in examining the title, which was refused, will be dismissed.

ACTIONS by a purchaser to establish a lien against real property.

Geo. J. Houtain, for plaintiff.

Forrest S. Chilton, for defendant.

CAMPBELL, J.   These are actions brought by a purchaser to establish her lien against the property which she contracted to purchase for the amount paid on the contract and for her expenses incurred in the examination of the title.   As the defendants in the two actions were tenants in common of all the premises covered by the two contracts, the actions were tried together.   On the date to which the closing of the contract was finally adjourned the defendants tendered their deeds to the plaintiff, who refused to take the title, which she rejected on the following grounds: *First.*  That the first mortgages covering the premises, or some of them, she claimed, had been called between the date of signing the contracts and the date set for delivery of the deeds.  *Second.*  That the premises or parts thereof were subject to monthly tenancies.  The contracts provided that said premises should be taken

subject to four first mortgages of $4,500 each and one first mortgage of $6,000. One contract provided: "All of which first mortgages are overdue, but not called;" the other contract provided: "It is understood and agreed that the first mortgages herein stated are overdue, but have not been called." None of these mortgages had been called at the time the contracts were signed, nor do I find that satisfactory evidence was produced before me to show that any of them were called subsequently to the date of the contract and before the rejection of the title by the plaintiff. In any event I do not think it would have been a good ground for the rejection of the title if the said mortgages or any of them had been called, because the statements in the contracts about the mortgages being overdue but not called were statements of existing facts and not agreements as to what might occur in the future. No action to foreclose the mortgages or either of them having been commenced, the purchaser's position was not changed, and the sellers were able to deliver subject to the said mortgages, as provided in the contracts. The premises contracted to be sold were tenement houses, and the purchaser knew they were occupied by tenants. The contracts provided, "rents and interest on mortgages, if any, are to be apportioned," showing clearly that the subject of rents had been considered, which would not have been the case had the purchaser expected the sellers to remove all tenants before tendering title. The only tenants were monthly tenants, there being no occupant under a longer lease. I am therefore of the opinion that the title tendered was sufficient and marketable and in compliance with the contracts, and that the grounds assigned by the purchaser were insufficient to relieve

her from the obligation to accept the deeds tendered and complete her contracts. For the reasons stated the complaints should be dismissed, but as the same attorneys appeared for the defendants in both actions, and the same were tried together and a novel question was presented, there should be but one bill of costs allowed against the defendant, to be divided between the defendants in the two actions.

Ordered accordingly.